IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GERALD D. HAMBRIGHT,**

                **Petitioner,**

      v.                                           **CASE NO. 21-3249-SAC**

**STATE OF KANSAS,**

                **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

    This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, who is proceeding pro se, is a pretrial detainee being held at the Sedgwick County Adult Detention Facility facing state criminal charges. This matter is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2241. Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. The Court has conducted a preliminary review of the petition and will direct Petitioner to show cause, in writing, why this action should not be dismissed.

    Petitioner filed this petition on October 28, 2021, and was notified that he needed to resubmit his petition upon court-approved forms, in compliance with Local Rule 9.1(a), and he needed to either pay the statutory filing fee of $5 of submit a motion to proceed in forma pauperis. (Doc. 2.) Petitioner filed his petition on a court-approved form (Doc. 3) and his motion to proceed in forma pauperis (Doc. 4) on November 18, 2021. The motion to proceed in forma

pauperis is granted.

A review of the petition shows that this matter appears subject to dismissal under the abstention doctrine set out in *Ex Parte Royall*, 117 U.S. 241 (1886), and *Younger v. Harris*, 401 U.S. 37, 46 (1971). As explained in Petitioner's previous § 2241 actions[1], principles of comity dictate that absent unusual circumstances, a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger*, 401 U.S. at 46. Federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Where the three circumstances coexist, abstention is mandatory unless extraordinary circumstances are present. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

The three *Younger* circumstances are present here: (1) the Sedgwick County criminal case against Petitioner appears to be ongoing, the State of Kansas has an important interest in charging the violation of Kansas laws, and the state courts provide Petitioner the opportunity to present his claims, whether through pre-trial motions, during trial, on direct appeal if Petitioner is

---

[1] Most of the grounds for relief and the relief sought in the amended petition are largely identical to those Petitioner sought in two previous § 2241 petitions filed in this Court challenging his pretrial detention. See *Hambright v. Kansas*, Case No. 21-cv-3045-SAC (D. Kan. 2021), and *Hambright v. Kansas*, Case No. 20-cv-3294 (D. Kan. 2020). Both of these actions were dismissed in accordance with the *Younger* doctrine. Petitioner is hereby advised that "[r]epetitious litigation of virtually identical causes of action may be dismissed . . . as frivolous or malicious." *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013).

convicted, or through post-conviction proceedings. Although "[t]he *Younger* abstention doctrine does not apply 'in case of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown,'" a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Amanatullah*, 187 F.3d at 1165.

Similarly, nearly 100 years before *Younger*, the United States Supreme Court recognized the importance of federal courts declining to interfere in ongoing state criminal proceedings. In *Ex Parte Royall*, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act done as required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. 117 U.S. at 251-52. Otherwise, federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity." *Id.* at 252.

The petition in this matter does not allege the type of circumstances under which *Ex Parte Royall* allows federal-court intervention. Petitioner does not allege that the acts for which the State of Kansas is charging him were done under the authority of a federal law or a foreign government, nor does this case involve

foreign relations or present any indication that the State of Kansas should not be allowed to resolve Petitioner's constitutional claims. Thus, it appears that *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings Petitioner challenges in this matter.

Petitioner is therefore directed to show cause, in writing, on or before December 20, 2021, why this matter should not be summarily dismissed without prejudice under *Ex Parte Royall* and *Younger*. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner's motion to proceed in forma pauperis (Doc. 4) is granted.

**IT IS FURTHER ORDERED** that Petitioner is directed to show cause, in writing, on or before December 20, 2021, why this matter should not be dismissed without prejudice under the abstention doctrine set forth in *Ex Parte Royall* and *Younger*.

**IT IS SO ORDERED.**

DATED:  This 19th day of November, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge