**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**GERALD D. HAMBRIGHT,**

                           **Petitioner,**

          v.                                                **CASE NO. 21-3249-SAC**

**STATE OF KANSAS,**

                           **Respondent.**

**MEMORANDUM AND ORDER**

Petitioner, who proceeds pro se, is a pretrial detainee being held at the Sedgwick County Adult Detention Facility facing state criminal charges. In this case, he seeks the Court's intervention in the pending state criminal case. For the reasons stated below, the Court will dismiss this action without prejudice under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 46 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886).

Petitioner filed his initial habeas petition under 28 U.S.C. § 2241 on October 28, 2021, and refiled it on court-approved forms on November 18, 2021. (Docs. 1 and 3.) The Court conducted a preliminary review of the petition and concluded that it appears that the Court must abstain from interfering with Petitioner's ongoing state-court criminal prosecution. (See Doc. 5.) Thus, on November 19, 2021, the Court issued a Notice and Order to Show Cause (NOSC) directing Petitioner to show cause, in writing, why this matter should not be summarily dismissed without prejudice. *Id.*

As the Court noted in its NOSC, the United States Supreme Court has held that federal courts generally should not exercise their

power to discharge a person being detained by a state for trial on an alleged state crime. *See Ex Parte Royall*, 117 U.S. 241 (1886). Although such intervention might be proper under very limited circumstances, none of those circumstances are alleged in the petition presently before this Court. In addition, the United States Supreme Court has instructed that principles of comity dictate that except in unusual circumstances, a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger*, 401 U.S. at 46.

Under *Younger*, federal courts must abstain from exercising jurisdiction when:  "(1) there is an ongoing state criminal . . . proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal [petition]; and (3) the state proceedings involve important state interests." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019). As noted in the NOSC, it appears that all three conditions are met here. The state-court criminal case against Petitioner is ongoing. The state courts provide Petitioner the opportunity to present his challenges, including his federal constitutional claims, whether in the district court, on appeal, or, if necessary, in further proceedings. *See id.* at 1258 (noting that state courts generally provide an adequate opportunity in this context "'unless state law clearly bars the interposition of the federal statutory and constitutional claims'"). And the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws. *See id.* ("For the purposes of *Younger*, state criminal proceedings are viewed as 'a traditional area of state concern.'").

Petitioner has filed several documents with this Court since

the Court issued the NOSC. (See Docs. 6, 7, and 8.) The Court has reviewed the documents carefully. Even liberally construing them, as is required since Petitioner proceeds pro se, none of the documents address *Younger* or *Ex Parte Royall*, or allege that circumstances exist that justify this Court's intervention under the law set forth in those cases. (See Docs. 6, 7, and 8.) The Court therefore remains persuaded that the *Younger* abstention conditions are present and the circumstances considered in *Ex Parte Royall* are not. Thus, the Court will dismiss this matter without prejudice.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order.[1] A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a COA.

**IT IS THEREFORE ORDERED** that the Petition is **dismissed without**

---

[1] This requirement also applies to proceedings under § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

**prejudice**. No certificate of appealability will issue.

   **IT IS SO ORDERED.**

   DATED:  This 27th day of January, 2022, at Topeka, Kansas.


                                    S/ Sam A. Crow

                                    SAM A. CROW
                                    U.S. Senior District Judge